IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DAPHNE P. RAND, *etc., et al.*, | No. C 09-0639 SI |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| AMERICAN NATIONAL INSURANCE COMPANY, | |
| Defendant. | |

Defendant American National Insurance Company's motion to dismiss plaintiff's complaint is scheduled for a hearing on July 31, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is appropriate for resolution without oral argument, and VACATES the hearing. As set forth below, the Court GRANTS the motion in part and DENIES the motion in part, and allows plaintiffs leave to amend.

**BACKGROUND**

Plaintiff Daphne Rand, by and through Debra Dolch, as conservator of her person and estate, filed this class action against defendant American National Insurance Company alleging that defendant used unfair, deceptive and unlawful sales practices in marketing its deferred annuity products to senior citizens in California. Compl. ¶ 2. An annuity is a financial instrument whereby the consumer, plaintiff here, pays the provider, usually an insurance company, an upfront payment or series of payments and the provider agrees to make payments at a determined rate over a determined period of time, usually the

rest of the consumer's life. *Id*., ¶ 16. By purchasing a deferred annuity, the consumer forgoes her payments until some time in the future while her principal accrues interest that is tax-deferred. *Id*., ¶ 17. In the meantime, if the purchaser of a deferred annuity wishes to withdraw her principal she faces a penalty that varies in proportion to the timing of the request. Compl. ¶ 19. Plaintiff alleges that defendant's sales practices concerning its deferred annuity products were systematically designed to omit material information to consumers and are therefore unlawful, unfair and deceptive. *Id*., ¶ 30. Plaintiff seeks to represent a class of all persons, or their beneficiaries, who purchased, surrendered, or were issued one or more of defendant's deferred annuity policies in California. *Id*., ¶ 4.

Plaintiff brings causes of action under Cal. Bus. & Prof. Code §§ 17200, *et seq.*, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, and Cal. Welf. & Inst. Code §§ 15600, *et seq.*. Defendant moves to dismiss each cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

2

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.   Plaintiff's first cause of action: Unfair Competition Law**

Plaintiff's first cause of action is brought under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, ("UCL") which prohibits any "unlawful, unfair, or fraudulent business act." Plaintiff alleges that defendant's acts were unlawful as violations of several California laws: Cal. Bus. & Prof. Code §§ 17500 (Compl. ¶ 66(a)), Cal. Ins. Code §§ 330-4, 761-2, 780-1, 785, 787, 789.8, 10509, 10127.10, 10127.13 (Compl. ¶¶ 66(b)-(c), (f)-(k)), Cal. Civ. Code §§ 1750 (Compl. ¶ 66(d)), Cal. Welf. & Inst. Code §§ 15610.30, 15657.5 (Compl. ¶ 66(e)). Plaintiff also alleges that defendant's acts were otherwise unfair and fraudulent. Compl. ¶¶ 68-9.

**A.   Defendant's challenge under *Moradi-Shalal***

Defendant contends that plaintiff's entire UCL claim is barred because no UCL claim may be brought based on acts of unfair competition in the business of insurance after *Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal.3d 287 (1988) and its progeny. As discussed below, neither *Moradi-Shalal* nor the cases that follow it support such a broad holding.

In *Moradi-Shalal*, the California Supreme Court held that no private cause of action may be brought under Cal. Ins. Code § 790.03(h).[1] *Id.*, 46 Cal.3d at 313. Section 790.03(h) was passed as the Unfair Claims Practices Act in 1972, amending the existing Unfair Practices Act, §§ 790 - 790.10,

---

[1] Section 790.03(h) generally catalogues prohibited claim practices, including, *inter alia*, "misrepresenting to claimants pertinent facts or insurance policy provisions relating to any coverages at issue."

passed in 1959.[2] Since *Moradi-Shalal*, California courts have held that a plaintiff cannot plead a violation of § 790.03(h) as an "unfair, unlawful or fraudulent business act" for the purposes of the UCL. *See Textron Fin. Corp. v. Nat'l Union Fire Ins. Co.*, 118 Cal. App. 4th 1061, 1070-71 (2004). Also, though the underlying conduct in *Moradi-Shalal* dealt specifically with settlement practices described in § 790.03(h), its holding has been applied to cases alleging other unfair practices described in § 790.03. *See id.*, 118 Cal. App. 4th at 1070.

Although plaintiff does not plead violations of § 790.03 as predicate acts for her UCL claim, defendant contends that the complaint merely masks alleged §§ 790.03 violations by labeling them differently, in order to plead around *Moradi-Shalal*. Section 790.03(h)(1) specifically applies to unfair claims settlement practices, which are not at issue here. Likewise, § 790.03(a) identifies an extensive list of prohibited misrepresentations, but all with reference to a purpose of "inducing or tending to induce the policyholder to lapse, forfeit, or surrender his or her insurance." Plaintiff does not allege any such purpose on the part of defendant.[3] The California Supreme Court has recognized UCL claims against insurance companies predicated on alleged violations of the Cartwright Act, even though the alleged misconduct was also a violation of § 790.03. *Manufacturers Life Ins. Co. v. Superior Court*, 10 Cal. 4th 257, 284 (1995); *see also Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 42-44 (1998). Notably, the court in *Textron* made a special point of distinguishing that case from cases such as *Quelimane* and *Manufacturers Life* because they did not concern unfair settlement practices. *Textron*, 118 Cal. App. 4th at 1072.

The Ninth Circuit has also held that where the alleged misconduct appeared to be regulated by two statutes, § 10144 (alleged as a predicate violation for a UCL claim by plaintiff) and § 790.03(f), there is no attempt to use the UCL to confer private standing to enforce § 790.03 since § 10144 is an

---

[2] Unless otherwise indicated, all statutory references are to the Cal. Ins. Code.

[3] The cases relied upon by defendant all concern allegations of unfair conduct in connection with the settlement of a claim. *See, e.g., Spirtos v. Allstate Ins. Co.*, 173 Fed. Appx. 538, 539 (9th Cir. 2006) (tortious conduct and breach of contract during claims process); *Maler v. Superior Court*, 220 Cal. App. 3d 1592, 1595 (1990) (failure to provide defense or indemnity in underlying action); *Safeco Ins. Co. v. Superior Court*, 216 Cal. App. 3d 1491, 1492-3 (1990) (refusing to pay a rental charge under settlement of auto accident claim); *Zephyr Park v. Superior Court*, 213 Cal. App. 3d 833, 834-5 (1989) (bad faith settlement of claim stemming from property damage).

4

1  independent statute. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1049-50 (2000). *See also Pastoria v. Nationwide Ins.*, 112 Cal. App. 4th 1490, 1496-7 (2003) (recognizing a UCL claim based on predicate violations of Cal. Ins. Code §§ 330, 331, 332, 341, and 361).

Plaintiff also bases her UCL claim on allegations of unfair and deceptive marketing techniques, as opposed to those deemed unlawful by statute. Compl. ¶¶ 67-8. Such a claim was allowed in a case similar to this one. *People ex rel. Lockyer v. Fremont Life Ins. Co.*, 104 Cal. App. 4th 508 (2002).

In sum, because her complaint does not allege any unfair claims settlement practices, the holding of *Moradi-Shalal* does not preclude plaintiff's UCL claim alleging other unfair acts in the business of insurance.

### B. Defendant's challenge to plaintiff's allegations of violations of the CLRA

Defendant also moves to dismiss plaintiff's UCL claim to the extent it is based on a predicate violation of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*. ("CLRA"). Compl. ¶ 66(d). A plaintiff may bring a claim under the CLRA when any person uses a statutorily prohibited trade practice "in a transaction . . . which results in the sale or lease of goods or services to any consumer." *Id.* at § 1770. Defendant contends that the sale of annuities does not fall under the definitions of "goods" and "services" under the CLRA.[4]

The California Supreme Court recently decided this question in *Fairbanks v. Superior Court*, 46 Cal. 4th 56 (2009). There, as here, plaintiff contended that the "ancillary" services provided by insurance agents included assisting prospective customers in selecting suitable products. *Id.*, 46 Cal. 4th at 65. The court held "the ancillary services that insurers provide to actual and prospective purchasers of life insurance do not bring the policies within the coverage of the CLRA." *Id.* Under *Fairbanks*, plaintiff cannot base her UCL claim on a predicate violation of the CLRA. To the extent that she does, defendant's motion to dismiss plaintiff's UCL claim is GRANTED.

---

[4] The CLRA defines "goods" as "tangible chattels bought or leased for use primarily for personal, family, or household purposes," and "services" as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." CLRA at § 1761(a)-(b).

5

**C.    Defendant's challenge to plaintiff's UCL allegations of violations of the Elder Abuse Act**

Defendant moves to dismiss plaintiff's UCL claim to the extent it is based on violations of Cal. Welf. & Inst. Code §§ 15600 *et seq.* ("Elder Abuse Act"), which it contends does not create a private right of action. Plaintiff alleges violations of Cal. Welf. & Inst. Code § 15657.5 *et seq.* for financial abuse of an elder or dependent adult. Compl. ¶ 88.

Defendant bases its motion on *ARA Living Centers - Pacific, Inc. v. Superior Court*, 18 Cal. App. 4th 1556, 1563-64 (1993). *ARA Living* held that Cal. Welf. & Inst. Code § 15657.5 does not create a cause of action, but instead is only designed to encourage attorneys to bring more actions under then-existing law by providing incentives such attorneys' fees. *Id.* However, that holding was considered and rejected in *Perlin v. Fountain View Mgmt., Inc.*, 163 Cal. App. 4th 657, 665-6 (2008). *Perlin* referred to the California Supreme Court's decision in *Covenant Care, Inc. v. Superior Court*, 32 Cal. 4th 771, 788-90 (2004), which unambiguously and repeatedly refers to "Elder Abuse Act claims." Additionally, such claims have been recognized by other California appellate courts and numerous federal courts. *See, e.g.*, *Intrieri v. Superior Court*, 117 Cal. App. 4th 72, 82 (2004); *Benun v. Superior Court*, 123 Cal. App. 4th 113, 119 (2004); *Wolk v. Green*, 516 F. Supp. 2d 1121, 1133 (N.D. Cal. 2007), *Negrete v. Fid. & Guar. Life Ins. Co.*, 444 F. Supp. 2d 998, 1002 (C.D. Cal. 2006). Indeed, Cal. Welf. & Inst. Code § 15657 itself is entitled, "Civil Actions for Abuse of Elderly or Dependant Adults." *Perlin*, 163 Cal. App. 4th at 666.

In sum, an independent cause of action exists under Cal. Welf. & Inst. Code § 15657.5. As such, it may also serve as a predicate violation for plaintiff's UCL claim.

**II.    Plaintiff's second cause of action: False Advertising Law**

Defendant moves to dismiss plaintiff's second cause of action, which is brought under California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.* ("FAL"). Defendant contends plaintiff's FAL claim should be dismissed along with plaintiff's UCL claim because it is barred by both *Moradi-Shalal* and *Fairbanks*. As discussed above, to the extent plaintiff's FAL claim is based on an underlying violation of the CLRA, it is barred under *Fairbanks*. However, no categorical

ban of FAL claims against an insurance company exists under *Moradi-Shalal* or its progeny. Defendant's only other challenge to plaintiff's FAL claim is that the heightened pleading standards of Rule 9(b) must be met in this case and that plaintiff has failed to do so. This challenge is discussed in Part IV, *infra*.

### III. Plaintiff's third cause of action: financial elder abuse

Defendant moves to dismiss plaintiff's third cause of action for three reasons. The first, that no cause of action exists under the Elder Abuse Act, has been considered and rejected for the reasons set out above.

The other two reasons – that plaintiff's claims are barred by the three-year statute of limitations for common law fraud, and that plaintiff has failed to meet a heightened standard of pleading or proof for financial elder abuse – depend on the premise that the elder abuse cases should be treated like fraud claims.

Defendant contends that plaintiff's allegations of financial elder abuse should be subject to common law fraud's three year statute of limitations under Cal. Civ. Code § 338(a) and (d), and argues that because plaintiff purchased her annuities more than three years ago, she should have discovered any fraudulent marketing practices at that time. Plaintiffs contend that the correct statute of limitations for a claim brought under Cal. Welf. & Inst. Code § 15657.5 is four years "after the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered, the facts constituting the financial abuse." Cal. Welf. & Inst. Code § 15657.7 (West 2009). They further point out that the complaint alleges omissions and conduct by defendant which made it impossible to discover the deception for some period of time after receipt of the annuities. Under either statute, whether plaintiff should have discovered the alleged deception upon receipt of her annuity policies appears to be a factual determination that cannot be made on the pleadings alone.

Defendant's contention regarding the standard of proof that plaintiff must meet at trial is both incomplete and premature. Financial elder abuse may be proven by a preponderance of the evidence, but further remedies are available where it is also proven by clear and convincing evidence that defendant has been guilty of recklessness, oppression, fraud, or malice in the commission of the abuse.

7

Cal. Welf. & Inst. Code § 15657.5(a)-(b) (West 2009). Plaintiff has alleged defendant's policies and marketing omitted material information and were therefore misleading and deceptive. Such allegations are sufficient to state a claim for financial elder abuse under Cal. Welf. & Inst. Code § 15657.5.

**IV.     Rule 9(b)**

Defendant also contends that all of plaintiff's claims fail to meet the heightened pleading standards of Rule 9(b).

Rule 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). The Ninth Circuit has interpreted Rule 9(b) "to require that 'allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Neubronner v. Milken*, 6 F.3d 666, 671-72 (9th Cir. 1993) (quoting *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)). "A pleading 'is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.'" *Id.* (quoting *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1977)). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Id.* (citing *Semegen*, 780 F.2d at 731; *Gottreich*, 552 F.2d at 867). The Ninth Circuit has held that for any claim grounded in fraud, even where fraud is not an essential element of the claim, the particular averments of fraud must meet the requirements of Rule 9(b). *Vess v. Ciba-Ceigy Corp. USA*, 317 F.3d 1097, 1103-05 (9th Cir. 2003).

Whether or not plaintiff's allegations are "exactly fraud," as contended by defendant, the complaint lays out an extensive list of alleged material omissions that constituted the deceptive conduct on behalf of the defendant. Compl. ¶ 35-39. At this stage, the Court finds that plaintiff's allegations meet the standards of both Rule 8 and Rule 9(b).

8

### V. Plaintiff's prayers for relief

Plaintiff has agreed to strike its prayers for relief under Cal. Bus. & Prof. Code §§ 6153, 6175.4, 6175.5. In addition, defendant moves to strike plaintiff's prayers for relief under Cal. Prob. Code §§ 850-859, which provides for double damages against "any person who has in bad faith wrongfully taken, concealed, or disposed of property belonging to the estate of a decedent, conservatee, minor, or trust." Cal. Prob. Code § 859 (West 2009). Neither party has cited any authority supporting its position on whether Cal. Prob. Code § 859 can apply to transfers of property predating the court appointment of a conservator. The bankruptcy court in *In re Pereira and Melo Dairy*, 325 B.R. 1 (Bankr. E.D. Cal. 2005), carefully considered this question, holding that such a claim may be allowed but is limited to the time "during which the conservatee was subject to the infirmity which ultimately supported the adjudication that the conservatee was incompetent." *Id.* 325 B.R. at 5. The court also held that such a determination is "fact specific and must be established by the claimant." *Id.* Here, there are no specific allegations that plaintiff was subject to any infirmity at the time she purchased the annuities from defendant. Absent such an allegation, plaintiff's prayer for relief under Cal. Prob. Code § 859 must be stricken from the complaint. Plaintiff is GRANTED leave to amend.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS in part and DENIES in part defendant's motion to dismiss plaintiff's complaint, and grants leave to amend consistent with this order. Dkt. No. 27. **If plaintiff wishes to amend her complaint, she must do so no later than August 14, 2009.**

**IT IS SO ORDERED.**

Dated: July 27, 2009

SUSAN ILLSTON
United States District Judge