IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAPHNE P. RAND, by and through DEBRA J. DOLCH, as Conservator of the Person and Estate of DAPHNE P. RAND, Conservatee, on Behalf of Themselves and All Others Similarly Situated,

    Plaintiffs,

v.

AMERICAN NATIONAL INSURANCE COMPANY, a Texas corporation,

    Defendant.
                                               /

No. C 09-639 SI

**ORDER RE: DISCOVERY**

Plaintiff has moved to compel defendant ANICO to produce documents and provide responses to interrogatories.[1] After engaging in the meet and confer process, two disputes remain. First, the parties dispute whether defendant should produce documents and information regarding all ANICO deferred annuities marketed and sold in California, or only those ANICO deferred annuities marketed by Legacy Marketing Group in California. The Court agrees with plaintiff that defendant should produce documents and information for all of the ANICO deferred annuities marketed and sold in California because the complaint seeks relief for all of ANICO's deferred annuity products, not just the products marketed by Legacy. Defendant may be correct that the differences between Legacy and non-Legacy products make certification of a class encompassing purchasers of both types of products inappropriate. However, determinations about the merits of class certification are premature as the parties are only now engaging in pre-class certification discovery. Defendant may renew these arguments in opposition to the class certification motion.

---

[1] The parties' letter briefs are found at Docket Nos. 71-73 & 75.

The second dispute concerns the time period covered by defendant's production. Defendant has agreed to produce documents from 2003 to the present, while plaintiff wants documents dating back to January 1, 2002. Because documents dating back to January 1, 2002 may lead to potentially relevant and admissible discovery regarding the development, marketing and administration of the annuities, the Court finds it is reasonable to require defendant to produce documents and information dating back to January 1, 2002.

Accordingly, the Court GRANTS plaintiff's motion to compel. Defendant shall produce the responsive discovery – including the discovery defendant has already agreed to produce – no later than **December 15, 2009**.

**IT IS SO ORDERED.**

Dated: November 19, 2009

SUSAN ILLSTON
United States District Judge