1
2
3
4
5              IN THE UNITED STATES DISTRICT COURT

6              FOR THE NORTHERN DISTRICT OF CALIFORNIA

7
8   DAPHNE P. RAND, by and through DEBRA J.        No. C 09-00639 SI
    DOLCH, as Conservator of the Person and Estate
9   of DAPHNE P. RAND, Conservatee, on Behalf      **ORDER RE: DISCOVERY**
    of Themselves and All Others Similarly Situated,
10
11              Plaintiff,

12     v.

13  AMERICAN NATIONAL INSURANCE
    COMPANY, a Texas corporation,
14
15              Defendant.
                                              /
16
17          Plaintiff seeks an order compelling defendant to disclose identities of and contact information

18  for putative class members.[1]  Specifically, plaintiff asks that the Court compel defendant to: (1) identify

19  all senior citizens who have complained about ANICO's deferred annuities; and (2) "identify all

20  persons, including any senior citizens, who purchased a deferred annuity issued by you in the state of

21  California."[2]  Plaintiff also requests production of "[a]ll complaints and documents related to complaints

22  submitted by any person, including any senior citizen, concerning ANICO deferred annuities issued in

23  the state of California."[3]

24
25  _____

26          [1]The parties' letter briefs are found at Docket Nos. 81 and 82.

27          [2]Plaintiff's Interrogatories Nos. 2 and 3.

28          [3]Plaintiff's Request for Production No. 1.

## I.  Interrogatories Nos. 2 and 3

It is up to the sound discretion of the trial court whether to permit discovery prior to class certification. *See Kamm v. California City Development Company*, 509 F.2d 205, 209 (9th Cir. 1975). "In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the [class] determination." *Id.* at 210.

Defendant argues that names and contact information of policyholders are not relevant to the issue of class certification and that disclosure is not reasonably calculated to lead to admissible evidence. The Court disagrees. The names and contact information of individuals who have purchased deferred annuities and submitted complaints to ANICO are relevant for class certification requirements, particularly issues of commonality, typicality, and adequacy of representation as required under Fed. R. Civ. P. 23(a). In particular, individual policyholders are likely to have information relevant to the way in which ANICO marketed its deferred annuities. Plaintiff is entitled to seek this factual information so she may determine whether these individuals have similar complaints and whether she is an appropriate class representative. Thus, the information plaintiff seeks is clearly relevant to issues of commonality and typicality of plaintiff's representation of the class.

Although California law generally permits discovery of the identity and contact information of putative plaintiffs in a class action suit, *Pioneer Electronics (USA) Inc. v. Superior Court,* 150 P.3d 198, 205 (Cal. 2007), defendant contends that the California Insurance Code prohibits insurance companies from disclosing certain personal information obtained in connection with an insurance transaction, including the policyholder's name and address, Cal. Ins. Code §791.13. An insurance company may disclose such information, however, if the policy holder gives written authorization, *id.* §791.13(a), or if disclosure is in response to a judicial order, *id.* §791.13(h).

Citing *Colonial Life & Accident Ins. Co. v. Superior Court,* 647 P.2d 86 (Cal. 1982), defendant urges the court to deny plaintiff's request for disclosure of client names and addresses until the putative class members agree in writing to have such information provided to plaintiff. In *Colonial Life,* the court required plaintiff to obtain policyholders' affirmative written consent prior to compelling the insurance company to disclose private insurance records. *Id. Colonial Life*, however, is distinguishable in several respects. First, in addition to policyholder names and contact information, the plaintiff in

2

*Colonial Life* sought discovery of insurance records. *Id.* at 87. The names and addresses of the insured were disclosed to the plaintiff prior to receiving client consent, and affirmative written consent was required only for the plaintiff to receive insurance records. *Id.* at 88. Here, plaintiff only seeks names and contact information of all policyholders who have purchased a deferred annuity and all senior citizens who have complained about ANICO's deferred annuities, and she does not seek policyholder records. Moreover, *Colonial Life* was not a class action lawsuit and contact with the policyholders was restricted, in part, due to concerns about the plaintiff's counsel soliciting new clients. *Id.* at 91. The Court finds that disclosure of the names and addresses of the policyholders is not unduly intrusive and is warranted for class action discovery.

Defendant's concern for its policyholders' privacy is not completely unfounded, however, and the Court recognizes the possibility that policyholders may have concerns as to why ANICO has disclosed this information. Disclosure of policyholder identities is covered by the scope of the existing protective order in this case, and such information "shall be used by persons receiving it only for the purposes of this litigation or settlement of this action." Protective Order ¶ 5. In addition, the Court instructs plaintiff's counsel to inform each policyholder at the outset of the initial contact that he or she has a right not to speak with counsel and that if he or she chooses not to speak with counsel, counsel will immediately terminate contact and not contact them again. Additionally, counsel will inform the policyholder that his or her refusal to speak with counsel will not prejudice his or her rights as a class member if the Court certifies the class. Finally, counsel is to keep a record for the Court of policyholders who make it known that they do not wish to be contacted. These additional measures are in accord with what other courts have order in similar circumstances, *see York v. Starbucks,* No. 08-7919, 2009 U.S. Dist. LEXIS 92274, at *5 (C.D. Cal. June 30, 2009), and the Court believes these protections will adequately safeguard privacy rights of the policyholders while allowing plaintiff necessary discovery.

The Court GRANTS plaintiff's motion to compel responses to Interrogatories 2 and 3. Defendant shall provide responses by **February 15, 2010,** unless the parties agree to a different date.

## II.    Request for Production No. 1

Plaintiff also seeks production of "[a]ll complaints and documents related to complaints submitted by any person, including any senior citizen, concerning ANICO deferred annuities issued in the state of California."[4]  Defendant has provided plaintiff with a log of complaints, but refuses to produce copies of the complaints and related documents.  Plaintiff has not addressed any inadequacy with the log but rather cites to a number of cases in which courts have compelled production of consumer complaints.  None of the cases cited, however, dealt with disclosure of complaints to insurance companies.  As defendant points out, the contents of policyholders' complaint files include personal financial and medical information, and thus policyholders have a greater expectation of privacy with respect to these files and documents.  In accordance with the California Insurance Code and California privacy laws, the policyholders' records and complaint files should be afforded greater privacy protection.  Cal. Ins. Code §791.13; *see also Pioneer Electronics,* 150 P.3d at 204-205(noting importance of consumers' expectation of privacy); *Colonial Life,* 647 P.2d 86.  Accordingly, the Court orders that plaintiff may obtain the policyholder complaints only if the procedures outlined in *Colonial Life* are followed and prior affirmative written consent is obtained from the policyholders.  If plaintiff wishes to pursue discovery of the complaints in this manner, the parties shall meet and confer.

**IT IS SO ORDERED.**

Dated: February 9, 2010

SUSAN ILLSTON
United States District Judge

---

[4]Plaintiff's Request for Production No. 1.