United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAPHNE P. RAND, by and through, DEBRA J. DOLCH, Special Administrator of the Estate of Daphne P. Rand,<br><br>             Plaintiff,<br><br>     v.<br><br>AMERICAN NATIONAL INSURANCE COMPANY,<br><br>             Defendant.                                    / | No. C 09-0639 SI<br><br>**ORDER GRANTING MOTION FOR SUBSTITUTION** |

Movant Debra Dolch's motion for substitution is scheduled for a hearing on June 25, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, the Court GRANTS the motion.

**BACKGROUND**

On February 12, 2009, plaintiff Daphne R. Rand, by and through Debra J. Dolch as conservator of the Person and Estate of Daphne R. Rand, brought a class action lawsuit against defendant American National Insurance Company (ANIC). Compl. ¶ 1. Dolch had previously been appointed the conservator of Rand and Rand's estate.

An annuity is a contract between an insurance company and the annuitant. The annuitant makes payments, either in installments or in one lump-sum to the insurance company. *Id*. ¶¶ 16-17. A deferred

annuity postpones payment to the annuitant until some agreed upon point in the future. During the deferment period, the principal gains interest, but there is a penalty for withdrawing the money early. *Id.* ¶¶ 17, 19. The complaint alleges that when she was 86 years old, Rand purchased two annuities from ANIC, one for $50,000 (Benchmark Policy 1) and one for $354,660 (Benchmark Policy 2). *Id.* ¶¶ 40-41. Both policies would not mature until 2025 when Rand was 106 years old. *Id.* According to defendant, Dolch received permission from the San Francisco Probate Court to exercise discretion over the annuities. She then withdrew all funds from the $50,000 policy, subjecting the estate to early surrender penalties, and withdrew some money from the second policy.

Count 1 of the complaint alleges that ANIC violated California Business & Professions Code §§ 17200 *et seq.* by not properly disclosing all of the material facts and risks associated with the purchase of a deferred annuity, failing to conduct itself with persons over 65 in good faith, and issuing or approving advertising that was deceptive or misleading to persons over 65. *Id.* ¶¶ 65-71. Count 2 of the complaint alleges ANIC has violated California Business & Professions Code § 17500 by participating in deceptive or misleading advertising relating to its deferred annuity products, and failing to fully disclose the nature of deferred annuities as pertaining to customers. *Id.* ¶¶ 72-84. Finally, Count 3 alleges that ANIC has committed elder abuse as defined in California Welfare & Institutions Code § 15600 *et seq*. *Id.* ¶¶ 88-93. The complaint seeks class certification; temporary, preliminary, and permanent injunctive relief; restitution for the plaintiff and the class; compensatory damages; punitive and exemplary damages; treble damages and penalties; transfer of the wrongfully obtained money; and the imposition of a constructive trust. Prayer for Relief ¶¶ A-O.

Rand died on March 16, 2010,[1] and on March 25, 2010, the State of California appointed Debra J. Dolch Special Administrator, with the special powers to substitute for Rand as named plaintiff in this suit specifically. Evan Decl. Ex. A  On the same day, Dolch filed a suggestion of death for Daphne P. Rand , as well as the instant motion to substitute. The actual death record was filed later. Evans Reply Decl. Ex. A.

---

[1] Defendant has filed a discovery motion regarding a mailing by plaintiff's counsel regarding Rand's death. The Court will issue an order regarding that motion shortly.

**LEGAL STANDARD**

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides "if a party dies and the claim is not extinguished, the Court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. Proc. 25(a)(1). The procedural requirements, determined by both the express language of the rule as well as case law, must be satisfied in order for a court to grant the motion for substitution. The only parties who may then be substituted are legal representatives of the deceased. *Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952). Additionally, whether a claim has been extinguished and is therefore ineligible for substitution under Rule 25(a)(1) is determined by the forum under which the claim arose. *Bracken v. Harris & Zide*, LLP, 219 F.R.D. 481, 483 (N.D. Cal. 2004); *Continental Assurance Co. v. American Banshares Corp.*, 483 F. Supp. 175, 177 (E.D. Wis. 1980). Finally, if all the requirements are met and the claim has not been extinguished, the Court still retains the discretion to deny the motion. *See Anderson v. Yungkau*, 329 U.S. 482, 485-86, 491 (1947); *Saylor v. Bastedo*, 623 F.2d 230, 237 (2d Cir. 1980).

**DISCUSSION**

**I.   Dolch has met the procedural requirements necessary for substitution**

To satisfy the requirements of Rule 25(a)(1), a motion must be made within ninety days after the service of a statement noting the death of a party. Fed. R. Civ. P. 25(a)(1); *Anderson v. Aurotek*, 774 F.2d 927, 931 (9th Cir. 1985). To trigger the start of the ninety day period, the suggesting party must formally submit a suggestion of death for the record as well as serve other parties in accordance with Rule 5(b) which requires service to the other party's attorney or under the other forms listed under 5(b)(2) if it is not represented by an attorney. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994); Fed. R. Civ. P. 5(b).

ANIC does not contest that plaintiff has met the procedural requirements for a Rule 25(a)(1) substitution. The suggestion of death and the motion for substitution were both filed on March 25, 2010. Defendant is represented by counsel so there is no need to worry about Federal Rule of Civil Procedure

3

1  5(b) as the attorney was served. The Court finds that Dolch has met the procedural requirements for the
2  substitution.

**II.    Dolch is a proper party for substitution**

    **A.    Dolch is a legal representative**[2]

In the Ninth Circuit "Rule 25(a)(1) applies only to the substitution of legal representatives." *Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952). Section 58 of the California Probate Code, states, *inter alia*, that a "special administrator" qualifies as a personal representative. Cal. Prob. Code § 58 (Deering 2009). Dolch has been appointed the Special Administrator for Rand and therefore the Court finds that she meets the requirement set forth in *Mallonee*.

    **B.    Rand's claims were not extinguished when she died and may be pursued by Dolch**

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). The question of whether a claim is extinguished by the death of a party is determined by the law of the of the forum under which the claim arose. *Bracken v. Harris & Zide*, LLP, 219 F.R.D. 481, 483 (N.D. Cal. 2004); *Continental Assurance Co. v. American Banshares Corp.*, 483 F. Supp. 175, 177 (E.D. Wis. 1980); *see also Ransom v. Brennan*, 437 F.2d 513, 520 (5th Circ. 1971) ("Under general principles of conflict of law, whether a cause of action survives the death of a defendant is determined by the law of the jurisdiction in which the cause of action arose.").

In California, Section 377.20(a) of the California Code of Civil Procedure is the survival statute that provides generally for the survival of actions. *Sullivan v. Delta Air Lines, Inc.*, 935 P.2d 781, 782 (Cal. 1997). This section states "except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Code Civ. Proc. § 377.20(a) (Deering 2009). In addition, Section 377.34 of the California Code of Civil Procedure states that recoverable losses are limited to those incurred before death. Cal.

---

[2] Dolch originally moved to substitute both herself, in her capacity as the Special Administrator of the Rand's Estate, along with the Estate itself. In response to ANIC's argument that the Estate was not a proper plaintiff, Dolch narrowed her request and now seeks only to substitute herself as the successor in interest.

4

Code Civ. Proc. § 377.34 (Deering 2009); *Sullivan v. Delta Air Lines*, 935 P.2d 781, 784. Unless a specific statute state otherwise, claims are not extinguished upon death in California.

ANIC raises several challenges to Dolch's substitution. First, ANIC contends that Dolch lacks standing to bring a claim under Cal. Bus. & Prof. Code § 17200 because she cannot show reliance and injury stemming from that reliance. ANIC argues that Dolch cannot show reliance because no misrepresentations were made to Rand, and because Dolch was not present for the sales of the annuities and would therefore be unable to provide evidence of reliance. In addition, ANIC asserts that there is no admissible evidence Rand, as opposed to Dolch, made the decisions regarding surrendering the annuity policies, and thus Dolch cannot show that Rand's reliance was the cause of her injury. However, as Dolch notes, these arguments go to the merits of the claims rather than Dolch's ability to substitute in this action. Moreover, reliance is only required under the fraud prong of the UCL, and is not an element under the "unfair" or "unlawful" prongs of that statute. Here, the complaint alleges violations of the UCL under all three prongs. To the extent defendant asserts that there is no evidence in support of the UCL claim, that is a matter for summary judgment.

In addition, ANIC contends that Dolch lacks standing to pursue any claims related to Benchmark Policy 2 because upon Rand's death, the interest of her designated beneficiary on that policy, the Jehovah's Witnesses, became vested. Dolch responds that Rand incurred damages both with regard to the purchase of the allegedly overpriced annuity, as well as the surrender charges deducted from her policy proceeds, and that those damages were incurred by Rand and not her beneficiaries.

Here, Rand has alleged claims under Cal. Bus & Prof. Code § 17200 *et seq.*; Cal. Bus. & Prof. Code § 17500 *et seq.*; and Cal. Welf. & Inst. Code § 15600 *et seq.* None of the these statutes provides that claims extinguish with the death of a party. *See* Cal. Bus. & Prof. Code § 17200 (Deering 2010); Cal. Bus. & Prof. Code § 17500 (Deering 2010); Cal. Welf. & Inst. Code § 15600 (Deering 2010).In addition, Section 377.20(a) of the California Code of Civil Procedure states that actions started before death do not extinguish with the death of a party. *Sullivan v. Delta Air Lines, Inc.*, 935 P.2d 781, 782 (Cal. 1997). Because the damages sought stem from events occurring before the death of the original plaintiff, the claims are not be extinguished by Section 377.34 of the California Code of Civil Procedure which limits recoverable losses to those incurred before death. Cal. Code Civ. Proc. § 377.34 (Deering

5

2009); *Sullivan*, 935 P.2d at 784.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS the motion to substitute Debra J. Dolch, as a Special Administrator of the Estate of Daphne P. Rand, as successor in interest to plaintiff Daphne P. Rand.  (Docket No. 96).

**IT IS SO ORDERED.**

Dated: June 22, 2010

SUSAN ILLSTON
United States District Judge