IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAPHNE P. RAND, by and through DEBRA J. DOLCH, as Conservator of the Person and Estate of DAPHNE P. RAND, Conservatee, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN NATIONAL INSURANCE COMPANY, a Texas corporation,<br><br>Defendant.<br>_____/ | No. C 09-639 SI<br><br>**ORDER RE: DISCOVERY** |

This order addresses a dispute that has arisen regarding a letter that plaintiff's counsel sent to ANICO policyholders.[1]  In that letter, plaintiff's counsel informs the policyholder about this lawsuit, states that "we are very interested in hearing about the facts and circumstances surrounding your annuity purchase," and informs the policyholder that the plaintiff recently passed away and that "we are reaching out to you and other policyholders to ask whether you are willing to join the lawsuit as an additional Plaintiff."  Docket No. 101, Ex. A.

Defendant contends that plaintiff's counsel engaged in "discovery abuse" by soliciting clients in violation of the Court's February 9, 2010 order.  In that order, the Court held that the names and contact information of individuals who have purchased deferred annuities and submitted complaints to ANICO are relevant for class certification requirements, particularly issues of commonality, typicality and adequacy of representation.  Out of a recognition of policyholders' privacy, the Court instructed

---

[1] The parties' letter briefs are found at Docket Nos. 101, 103 and 104.

plaintiff's counsel,

> [T]o inform each policyholder at the outset of the initial contact that he or she has a right not to speak with counsel and that if he or she chooses not to speak with counsel, counsel will immediately terminate contact and not contact them again. Additionally, counsel will inform the policyholder that his or her refusal to speak with counsel will not prejudice his or her rights as a class member if the Court certifies a class. Finally, counsel is to keep a record for the Court of policyholders who make it known that they do not wish to be contacted.

Order at 3:15-20.

Defendant contends that the letter violated the February 9, 2010 order because although the first paragraph of the letter includes a statement similar to that required by the Court,[2] the letter includes two additional paragraphs discussing the lawsuit and soliciting clients, and that by adding these paragraphs, plaintiff made it impossible for a person to "terminate contact." Defendant asserts that plaintiff's counsel engaged in bad faith by not disclosing Ms. Rand's death until after the letter was sent to policyholders. Defendant also asserts that the letter misleads policyholders into the belief that their involvement is needed, when in fact the lawsuit can continue with the substitution of Ms. Rand's conservator, Debra Dolch, as the plaintiff.

Plaintiff responds that the letter complied both with the Court's discovery orders as well as California Rule of Professional Conduct 1-400, and that the letter is a proper exercise of counsel's First Amendment rights. Plaintiff notes that nothing in the Court's prior orders prohibited counsel from using the policyholder contact information to reach out to prospective plaintiffs in the manner contemplated by the California Rules of Professional Conduct. Counsel also states that at the time the parties were litigating the question of whether defendant would be required to produce policyholder contact information, plaintiff's counsel did not intend to use the information to seek new plaintiffs or additional class representatives, but that circumstances changed with the sudden death of Ms. Rand.

The Court has reviewed the letter and finds that it does not violate the Court's prior orders, and

---

[2] The first paragraph of the letter states, "You are receiving this letter because you are a policyholder of an annuity issued by American National Insurance Company. Our law firm represents a policyholder who is currently the Plaintiff in a proposed class action against American National Insurance Company relating to the marketing and sale of its deferred annuities. You have the right not to speak to us about your annuity. If you choose not to speak with us, any contact with you will be terminated immediately and your rights as a potential class member will not be affected." Docket No. 101, Ex. A.

2

that plaintiff's counsel have not engaged in misconduct. As required by the Court's February 9, 2010 order, the letter states at the outset that recipients have the right not to speak with plaintiff's counsel. The fact that the letter contains additional paragraphs after the initial paragraph does not mean that the policyholder no longer has the choice to terminate contact; after reading the letter, it is up to the policyholder whether he or she wishes to have any further contact with plaintiff's counsel. In addition, the February 9, 2010 order did not restrict plaintiff's counsel from using the policyholder contact information in order to seek additional plaintiffs and class representatives.[3]

The Court also finds that the letter complies with California Rule of Professional Conduct 1-400. That rule defines "communication" as "any message or offer made by or on behalf of a member concerning the availability for professional employment . . . ." Cal. R. Prof. Conduct 1-400(A). The rule defines "solicitation" as "any communication . . . concerning the availability for professional employment of a member or a law firm in which a significant motive is pecuniary gain; and . . . [w]hich is: (a) delivered in person or by telephone." *Id*. at 1-400(B)(1)-(2). The rule generally prohibits "solicitations." *Id*. at 1-400(C). As plaintiffs note, the letter was sent by mail, and thus it is not a "solicitation." Defendant argues that because the letter invited policyholders to contact plaintiff's counsel by telephone, the letter is a "solicitation." The Court disagrees, as the plain language of Rule 1-400(B) states that a solicitation is a communication "delivered" in person or by telephone. Here, the communication was delivered by mail. *See Parris v. Superior Court*, 109 Cal. App. 4th 285, 298 n.6 (2003) (neither mail notice nor web site was "solicitation" under Rule 1-400(B)).

In addition, the letter does not contain any untrue or misleading statements. *See* Cal. R. Prof. Conduct 1-400(D). The letter states that a lawsuit has been filed, and describes the basic allegations of

---

[3] Defendant argues that federal law does not permit plaintiff's counsel to contact putative class members for the purpose of searching for additional plaintiffs. However, the cases cited by defendant hold that the court has discretion to allow discovery of putative class members. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir. 1985). The Court has no reason to disbelieve plaintiff's counsel that they did not originally intend to use the policyholder information to try to locate additional plaintiffs. In light of the death of Ms. Rand, the Court finds that provided counsel comply with the Rules of Professional Conduct, there is nothing improper about counsel contacting policyholders for the purpose of locating additional plaintiffs. To the extent that defendant asserts that adding plaintiffs would impermissibly broaden the scope of this lawsuit, defendant can raise those arguments in opposition to a motion to amend, if plaintiff brings such a motion. Relatedly, if defendant contends that plaintiff lacks standing to challenge ANICO products other than the types of products purchased by Ms. Rand, defendant may make those arguments in opposition to plaintiff's motion for class certification.

3

the case. The Court disagrees with defendant that the statement about Ms. Rand's death misleadingly implies that the lawsuit cannot continue without a new plaintiff; the letter simply states that the plaintiff has recently passed away, and that counsel is "reaching out" to policyholders to "ask whether you are willing to join the lawsuit as an additional plaintiff." This sentence does not suggest that the case will end if other policyholders do not join the lawsuit.

Accordingly, the Court DENIES defendant's request for sanctions. In order to avoid further proceedings before the Court concerning the propriety of class member communications, plaintiff requests an order requiring that (1) any party desiring to send any further written communications to putative class members referencing this litigation first submit the proposed communication to the Court for approval, and (2) the party sending out any such approved communication do so using a third-party administrator which will maintain appropriate records concerning the identities of recipients. In light of the parties' disputes thus far, the Court believes such an order is appropriate, and so orders. Defendant objects that ANICO needs to communicate with policyholders in order to conduct business related to ANICO policies; however, those communications would not be subject to the order because those communications would pertain to the policyholder's business with ANICO and would not reference this litigation.

The parties shall meet and confer in order to jointly agree and recommend the third-party administrator. The parties are advised that, in light of the nature and frequency of the discovery disputes which have already arisen in this case, the Court has been considering the appointment of a Special Master to address discovery issues. The parties may want to consider recommending an individual who might suitably perform both functions.

**IT IS SO ORDERED.**

Dated: July 13, 2010

SUSAN ILLSTON
United States District Judge

4