IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAPHNE P. RAND, by and through DEBRA J. DOLCH, as Conservator of the Person and Estate of DAPHNE P. RAND, Conservatee, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN NATIONAL INSURANCE COMPANY, a Texas corporation,<br><br>Defendant.<br>_____ / | No. C 09-639 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

Defendant seeks leave to file a motion for reconsideration of the Court's September 29, 2010 order ruling on the parties' cross-motions for partial summary judgment. Defendant seeks reconsideration of (1) the Court's conclusion that the issue of plaintiff's standing under the UCL was not raised and presented for disposition in the summary judgment motions, and (2) the Court's denial of summary judgment in defendant's favor on plaintiff's claim that defendant violated Cal. Ins. Code § 10509.4.

As to the question of plaintiff's standing under the UCL, the Court's September 29, 2010 order stated,

> In its opposition to plaintiff's motion, defendant argues, *inter alia*, that plaintiff is not entitled to summary judgment on the UCL claim because plaintiff has not demonstrated causation and/or standing. Specifically, defendant argues that plaintiff has not shown that the claimed error in locating surrender charge information caused her to be unaware of the surrender charges. However, plaintiff's motion for partial summary judgment focuses only on the question of whether ANICO violated the various Insurance Code provisions, and this order is also limited to those questions. The parties shall address standing and causation in connection with the class certification motion or other appropriate motions.

Order at 3 n.3. Defendant contends that the Court erred by granting partial summary judgment in favor of plaintiff on the UCL claim because plaintiff did not – and cannot – establish standing under the UCL. However, as the parties' briefing and the Court's order makes clear, the Court's grant of partial summary judgment was limited to the findings that ANICO violated the various Insurance Code provisions that formed some of the predicates for the UCL claim. Neither parties' moving papers addressed the questions of standing or causation. The fact that defendant's opposition to plaintiff's motion asserted in single sentence that plaintiff lacked standing does not mean that the question was fairly raised or presented for disposition. As stated in the order, the parties shall address standing and causation in connection with the class certification or other appropriate motions. If, as defendant asserts, plaintiff cannot establish standing or causation under the UCL, then plaintiff's UCL claim will ultimately fail.

With respect to plaintiff's claim under Cal. Ins. Code § 10509.4, the Court granted defendant's motion for partial summary judgment with respect to § 10509.4(a) and (b)(1), and denied the parties' cross-motions regarding the balance of that statute. The Court stated,

> The parties have filed cross-motions for summary judgment on this claim, and plaintiff is correct that the record does not contain any evidence about whether ANICO complied with the other requirements set forth in Section 10509(b) or (c). At the hearing plaintiff's counsel suggested that plaintiff could obtain evidence relevant to this claim. On this record, the Court finds it appropriate to GRANT defendant's motion for partial summary judgment as to Section 10509.4(a) and the presentation requirement contained in subsection (b)(1), and to DENY the parties' cross-motions as to the balance of that statute. The parties may renew their motions on a fuller factual record. However, as plaintiff bears the burden of proof on this claim, if ultimately plaintiff is not able to submit any evidence on this point, defendant will be entitled to summary judgment. *See Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000).

Order at 22:12-19. Defendant argues that the Court erred in not granting summary judgment in favor of defendant on the entirety of plaintiff's § 10509.4 claim because plaintiff's counsel acknowledged that there was no evidence in the record to support the claim. However, as the Court's order stated, because counsel suggested that such evidence could be obtained, the Court found it prudent at this stage of the litigation to deny summary judgment. As stated in the order, plaintiff bears the burden of proof on this claim, and if plaintiff is not able to submit any evidence on this point, the Court will grant summary judgment in favor of defendant. The Court directs plaintiff to file evidence in support of the remainder

of the § 10509.4 claim no later than **January 14, 2011**. If plaintiff is unable to adduce any such evidence, plaintiff shall file a statement to that effect and the Court will grant summary judgment in favor of defendant. If plaintiff files evidence in support of the claim, defendant may file a response, with supporting evidence if it wishes, by **January 28, 2011**. The Court will then take the matter under submission.

Accordingly, for the reasons stated above defendant's motion for leave to file a motion for reconsideration is DENIED. (Docket No. 156).

**IT IS SO ORDERED.**

Dated: December 3, 2010

SUSAN ILLSTON
United States District Judge