1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

9
10
11
12
13
14
15
16
17
18
19
20

DAPHNE P. RAND, by and through
DEBRA L. DOLCH, as Conservator of
the Person and Estate of DAPHNE P.
RAND, Conservatee, on Behalf of
Themselves and All Others Similarly
Situated,

               Plaintiff,

v.

AMERICAN NATIONAL
INSURANCE COMPANY, a Texas
corporation,

               Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. CV 09-0639-SI**

**CLASS ACTION**

[~~PROPOSED~~] FINAL ORDER: (1)
APPROVING CLASS ACTION
SETTLEMENT, (2) AWARDING
CLASS COUNSEL FEES AND
EXPENSES, (3) AWARDING CLASS
REPRESENTATIVE SERVICE
AWARD, AND (4) DISMISSING
ACTION WITH PREJUDICE

JUDGE:   Hon. Susan Illston
DATE:    September 22, 2011
TIME:    9:00 a.m.
CTRM:   10 – 19th Floor

21
22
23
24
25
26
27
28

Following a hearing on July 7, 2011 ("Preliminary Approval Hearing"), this

Court entered its Order (1) preliminarily approving class action settlement, (2)

directing distribution of the Class Action Settlement Notice, and (3) setting a

Fairness Hearing, (Doc. No. 183) ("Preliminary Approval Order"), preliminarily

approving the Settlement entered into by the parties in the above-captioned Action,

and scheduling a hearing to determine whether the Settlement is fair, reasonable,

**Error! Unknown document property name.**

adequate, in the best interests of the Class, and free from collusion, whether the Settlement should be finally approved by the Court, and to consider a motion by Class Counsel for an award of attorneys' fees, expenses, and service award for the Class Representative ("Fairness Hearing").

The Court has considered: (i) the memorandum submitted in support of the motion for final approval of the Settlement ("Final Approval Motion"); (ii) the declarations and exhibits submitted in support of the Final Approval Motion; (iii) the memorandum submitted in support of the motion for an award of attorneys' fees, reimbursement of costs, and approval of the service award for the Class Representative ("Fee Motion"), filed August 8, 2011 (Doc. No. 187); (iv) the declarations and exhibits submitted in support of the Fee Motion, filed August 8, 2011 (Doc. Nos. 188-193); (v) the Settlement Agreement, filed May 27, 2011 (Doc. No. 182); (vi) the entire record in this proceeding, including but not limited to the memorandum in support of preliminary approval of the Settlement, filed May 27, 2011 (Doc. No. 181); (vi) the full and fair notices provided to the Class of the pendency of this action, the Settlement, the Fairness Hearing, and Class Members' rights with respect to this class action lawsuit and Settlement; (vii) the relatively few members of the class certified by the Court who requested exclusion pursuant to their right to do so at the time the notice of the pendency of this class action; (viii) the existence of zero objections to the Settlement, out of more than 23,000 Class Members; (ix) the oral presentations of Class Counsel and Counsel for American National at the Preliminary Approval Hearing and Fairness Hearing; (x) this Court's experiences and observations while presiding over this matter, and the Court's file herein; and (xi) the relevant law.

Based upon these considerations, the Court's findings of fact and conclusions of law as set forth in the Preliminary Approval Order and in this Final Order: (1) Approving Class Action Settlement, (2) Awarding Class Counsel Fees

**Error! Unknown document property name.**

and Expenses, (3) Awarding Class Representative Service Fees, and (4) Dismissing Action with Prejudice ("Final Approval Order"), and good cause appearing:

**IT IS HEREBY ORDERED AND DECREED,** as follows:

1.     **Definitions.**  The capitalized terms used in this Final Approval Order shall have the meanings and/or definitions given to them in the Settlement Agreement, or if not defined therein, the meanings and/or definitions given to them in this Final Approval Order.

2.     **Incorporation of Documents.**  This Final Approval Order incorporates and makes a part hereof:

     A.     the Parties' Settlement Agreement, filed May 27, 2011 (Doc. No. 182), which sets forth the terms and provisions of the proposed settlement ("Settlement Agreement" or "Settlement");

     B.     the Court's findings and conclusions contained in its Preliminary Approval Order dated June 8, 2011 (Doc. No. 183) ("Preliminary Approval Order").

3.     **Jurisdiction.**  The Court has personal jurisdiction over the Parties, the Class Members (as defined below at paragraph 4).   The Court has subject matter jurisdiction over this action, including, without limitation, jurisdiction to approve the Settlement to settle and release all claims alleged in the action and all claims released by the Settlement, including the Released Claims (as defined in the Settlement Agreement) to adjudicate any objections submitted to the proposed Settlement, and to dismiss this Action with prejudice.   All Class Members, by

**Error! Unknown document property name.**

failing to exclude themselves according to the Court's prior orders and the terms of the prior notice of the pendency of the Action, have consented to the jurisdiction of this Court for purposes of this action and the Settlement of this Action.

**4.      Definition of the Class and Class Members.**      The "Class," which is comprised of "Class Members," means and includes any entity, trust or natural person who is an Owner of an Annuity that was purchased by a resident of, and/or issued within, the State of California between the period from January 1, 2002 to and including December 31, 2010 and was an Active Annuity or an Annuitized Annuity at any time on or after February 9, 2005; except that, "Class," "Settlement Class," "Class Member" and "Class Members" does not include an entity, trust or person (a) who is or was an Owner of an Annuity (i) that was issued but not accepted or was returned to the Company as part of the exercise of the free-look provision in the Annuity or was otherwise rescinded, (ii) that validly and timely requests an exclusion from the Class or; (b) who signed a document that released American National from claims that are or would be Released Claims; (c) whose rights and claims respecting the Annuity have been finally adjudicated in a court of law; (d) who is or was a member of the Board of Directors, an officer, shareholder or employee of American National at any time between January 1, 2002 and December 31, 2010, as well as the affiliates, legal representatives, attorneys, successors, or assigns of American National; (e) who is a judge, justice, or judicial official presiding over the Action or is with the staff or immediate family of such judge, justice or official; or (f) who is a person or entity hired to administer the terms of the Agreement.

All Class Members are subject to this Final Approval Order and Final Judgment to be entered by the Clerk of the Court in accordance herewith.

**Error! Unknown document property name.**

**5.     Findings and Conclusions.**  The Court finds that the Settlement was not the product of collusion or any other indicia of unfairness, is fair, reasonable, and adequate to the Class in light of the complexity, expense, and likely duration of the litigation (including appellate proceedings), and the risks involved in establishing liability, damages, and in maintaining the action as a class action, through trial and appeal.   The Court finds that the Settlement represents a fair and complete resolution of all claims asserted in a representative capacity on behalf of the Class and should fully and finally resolve all such claims.  In support of these findings and conclusions, the Court further finds:

A.     There is no evidence of collusion.  The proposed settlement, as set forth in the Settlement Agreement, resulted from extensive arms-length negotiation.   The Action was extensively and vigorously litigated (as further described below), prior to any settlement.   Plaintiff and American National engaged in intensive arms-length negotiations, including meeting on multiple occasions, participating in several substantive telephone conferences, and exchanging numerous emails and proposals.  Counsel for the parties attended face-to-face meetings, participated in periodic conference calls and collectively worked several hundred hours to reach the terms embodied in the Settlement.

B.     The Settlement provides for substantial cash benefits to be paid or credited automatically by American National to every Class Member, without requiring any Class Member to affirmatively participate in a claims process.  No portion of the substantial cash benefit will be consumed by attorneys' fees, litigation expenses, notice expenses, settlement administration expenses, or the requested service award for Plaintiff, since such amounts are all separately provided for.  The Court has considered the realistic range of outcomes in this matter, including the amount Class Members might receive if they prevailed at trial, the strength and weaknesses of the case, the novelty and number of the complex legal issues

**Error! Unknown document property name.**

involved, the risk that Class Members could receive less than the relief provided for in the Settlement, and the risk that Class Members could receive nothing if the case were to be concluded by trial.   The amount offered by the Settlement is fair, reasonable, and adequate in view of these factors.

C.     Before reaching the proposed settlement, Plaintiff and American National fully and vigorously litigated their claims and defenses in extensive proceedings before this Court.   A detailed procedural history of this action is set forth in the Court's docket, and is described in the Joint Declaration of Andrew S. Friedman and Ingrid M. Evans in Support of Plaintiff's Memorandum in Support of Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Award, filed August 8, 2011 (Doc. No. 188) ("Joint Declaration" or "Joint Decl.").   Among other things, American National's challenge to the pleadings and motion for partial summary judgment, and Plaintiff's cross-motion for partial summary judgment, were all heard and decided prior to Settlement.   Class Counsel tirelessly litigated this action while attempting, in good faith, to achieve a just, fair and amicable resolution.

D.     Before reaching the proposed settlement, Plaintiff and American National also conducted extensive discovery.   This extensive fact discovery included the depositions of seven American National managers, four sets of document requests and five sets of interrogatories covering a wide array of subject matter areas, and subpoenas to numerous actuarial and financial consultants and insurance agents affiliated with American National.   Plaintiff also deposed American National's financial and economic expert, which required extensive and specialized preparation.   Plaintiff also served American National with Rule 30(b)(6) deposition notices, requesting that Defendant designate individuals knowledgeable to testify on several subject matter areas, including Defendant's corporate organization, computer systems, policies and procedures, agent training,

**Error! Unknown document property name.**

agent oversight, agent compensation, sales materials, and product development and features.  Written discovery was no less comprehensive.  In response to Plaintiff's requests for production of documents, and over the course of months of meet and confer negotiations regarding topics such as electronically stored information ("ESI"), document custodians and search terms, Defendant produced over 350,000 pages.  Class Counsel reviewed, coded and analyzed each of these documents. Class Counsel also retained and consulted with multiple experts concerning the merits of Plaintiff's claims and the defenses raised by American National.  Plaintiff consulted with regulatory, actuarial, and financial experts to assist in preparation of the litigation and motion practice.  Plaintiff also served multiple subpoenas *duces tecum*, seeking materials from American National's agents, marketing organizations, auditors, and investment managers. After engaging in extensive meet and confer sessions with many of these third parties, Plaintiff obtained and reviewed a substantial number of documents relevant to Plaintiff's allegations in this Action.

E.     Based upon the vigorous litigation of relevant legal issues before this Court and extensive investigation of the underlying facts in discovery, Plaintiff and American National were fully informed of the legal bases for the claims and defenses herein, and capable of balancing the risks of continued litigation (both before this Court and on appeal) and the benefits of the proposed settlement.

F.     The Class is and was at all times adequately represented by Plaintiff and Class Counsel, including in entering into and implementing the Settlement, and has satisfied the requirements of the Federal Rules of Civil Procedure Rule 23, and applicable law.  Class Counsel submit that they have fully and competently prosecuted all causes of action, claims, theories of liability, and remedies reasonably available to the Class Members.  Further, both Class Counsel and American National's Counsel are highly experienced trial lawyers with specialized

**Error! Unknown document property name.**

knowledge in insurance and annuity litigation, and complex class action litigation generally.  Class Counsel and American National's Counsel are capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial and on appeal.  Class Counsel submits that the Settlement is fair, reasonable and adequate for the Class Members.  American National denies all allegations of wrongdoing and disclaims any liability with respect to any and all claims alleged by Plaintiffs and the Class, including their claims regarding the propriety of class certification, but agrees that the proposed settlement will provide substantial benefits to Class Members.  American National considers it desirable to resolve the Action to finally put Plaintiffs' and the Class' claims to rest and avoid, among other things, the risks of continued litigation, the expenditure of time and resources necessary to proceed through trial and any subsequent appeals, and interference with ongoing business operations.

G.    The selection of American National to act as the Settlement Administrator was reasonable and appropriate given the structure of the settlement and location of the database used to identify and provide contact information for Class Member.

H.    As further addressed below, through the mailing of the Class Notice Package in the form and manner ordered by the Court, the Class has received the best practicable notice of the pendency of this action, of the Settlement, the Fairness Hearing, and of Class Members' rights and options, including their rights to opt out, to object to the settlement, and/or to appear at the Fairness Hearing in support of a properly submitted objection, and of the binding effect of the Orders and Judgment in this Action, whether favorable or unfavorable, on all Class Members. Said notices have fully satisfied all notice requirements under the law, including the Federal Rules of Civil Procedure and all due process rights under the U.S. Constitution and California Constitution.

**Error! Unknown document property name.**

I.      The response of the Class to this Action, the certification of a class in the Action, and to the Settlement, including Class Counsel's application for an award of attorneys' fees, litigation expenses, and the class representatives' service award, after full, fair, and effective notice thereof, strongly favors final approval of the Settlement.  Out of the 23,635 Class Notice Packages that were mailed to the Class Members, only 48 valid requests for exclusion were received and zero objections were received.

J.      As set forth in the Settlement, American National has denied, and continues to deny, any wrongdoing or liability relating to the Action.

**6.      Class Notice Package and of Right to Opt Out.**  The Court hereby finds that the "Class Notice Package" in the Action was mailed to the Class beginning the week of July 11, 2011 through July 18, 2011 in the form and manner approved by the Court in its order of June 8, 2011 (Doc. No. 183).    The Court finds that all of the notices are written in simple terminology, are readily understandable by Class Members, and comply with the Federal Judicial Center's illustrative class action notices.  The Court finds that said notice provided fair and effective notice to the Class of the Settlement and the terms thereof, including but not limited to those terms related to the Class recovery and the Settlement benefits, the claims and parties released, the binding effect of the Settlement (if approved) on all Class Members, the provisions for attorneys' fees, litigation expenses, administrative expenses, and Plaintiff's service award, Class Counsel's intention to petition for an award of such fees, expenses, and service award in the maximum amounts permitted under the Settlement, the date, time and place of the Final Approval Hearing, and Class Members' right to object to the Settlement and to appear at the Fairness Hearing (on their own or through counsel of their own selection, at their own expense) and Class Members' right to opt out of the Settlement, as all set forth in the Class

Error! Unknown document property name.

Notice Package.  The Court finds that said form and manner of giving notice, including the steps taken for updating the Class notice mailing database, re-mailing any returned notices, and receiving and responding to Class Member inquiries (including the support services to be provided by the Settlement Administrator and Class Counsel), was the best notice practicable, and was reasonably calculated, under the circumstances, to apprise the Class Members of their rights, and fully satisfied the requirements of due process and all other applicable provisions of law. The Court further finds that the Class Members were afforded a reasonable period of time to exercise such right.

Based on the foregoing, the prior notices of pendency and the Class Notice Package, in the forms and manners approved by the Court, collectively fully satisfy the requirements of due process, the United States and California Constitutions, the Federal Rules of Civil Procedure, and all other applicable provisions of law.

**7.     Requests for Exclusion.** After the mailing of the 23,635 Class Notice Packages, only 48 timely and valid requests for exclusion have been received.  No other untimely and/or invalid requests for exclusion were received.  A list of those persons and entities who have timely and validly requested exclusion from the Class, according to the terms of the Class Notice and the Court's orders regarding said notices, was filed with the Court in support of final settlement approval as Exhibit A to Declaration of Joseph R. Russo in Support of Defendant's Administrative Motion to File Under Seal A List Reflecting All Requests for Exclusion, and is incorporated herein and made a part hereof.  The persons and Annuities on that list are the timely opt-outs, are excluded from the Class, shall not be bound by the Settlement or Judgment in the Action, and shall not receive any benefit under the Settlement.

**Error! Unknown document property name.**

**8.     Class Member Objections.**  As set forth in detail *supra,* full and fair notice of Class Members' right to object to the proposed settlement and to appear at the Fairness Hearing in support of such an objection has been provided in the form and manner required by the Settlement Agreement, the Court's Preliminary Approval Order, the requirements of due process, and any other applicable law.   The deadline for objection expired on August 29, 2011.  There were zero (0) objections to the Settlement.[1]   No person has requested leave to appear at the Fairness Hearing to object to the Settlement.

**9.     Final Settlement Approval and Binding Affect.**  The terms and provisions of the Settlement have been entered into in good faith, and are fair, reasonable and adequate as to, and in the best interests of, the Parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the California Constitution, and any other applicable law.  Therefore, the Settlement is approved.  The Settlement, this Final Order and the Judgment to be entered shall be forever binding on Plaintiff and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, or anyone claiming through them and shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the Settlement Agreement.

---

[1] Class Counsel received a letter dated August 26, 2011 from Mr. Barry Smith, a Class Member, indicating that he objected to the proposed Settlement. *See* Joint Final App. Decl., at ¶2.   But on September 15, 2011, Mr. Smith withdrew his objection. *Id*.; *see also* Exhibits A-B, attached to Joint Final App. Decl.

**Error! Unknown document property name.**

1

2   **10.   Implementation of Settlement.**   The parties are directed to implement the

3   Settlement according to its terms and conditions.  American National is authorized,

4   at its sole option and in its sole discretion, in accordance with the terms of the

5   Settlement Agreement, and without requiring further approval of the Court, to

6   implement the Settlement before the Final Settlement Date (as defined in the

7   Settlement Agreement).

8

9   **11.   Release.**  The Release set forth in Section IX of the Settlement Agreement is

10   expressly incorporated herein in all respects, is effective as of the date of the entry

11   of this Final Order, and forever discharges the Released Parties from any claims or

12   liabilities released by the Settlement, including the Released Claims (as those

13   terms are defined in the Settlement Agreement).   While fully expressed in the

14   Settlement Agreement, this Release covers, without limitation, any and all claims

15   for attorneys' fees and expenses, costs or disbursements incurred by Class Counsel

16   or other counsel representing Plaintiff or Class Members in this Action, the

17   settlement of this Action, the administration of such Settlement, and the Released

18   Claims, except to the extent otherwise specified in this Order and the Settlement

19   Agreement.   The Release applies to all Class Members irrespective of the Class

20   Member's actual deposit or use of credits or payments made under the Settlement

21   Agreement.

22

23   **12.   Permanent Injunction.** All Class Members their attorneys, spouses,

24   beneficiaries, executors, administrators, conservators, personal representatives,

25   wards, heirs, predecessors, successors, affiliates, agents, assigns and/or their

26   representatives and those persons in active concert or participation with Class

27   Members are hereby permanently enjoined from filing, commencing, prosecuting,

28

- 12 -

**Error! Unknown document property name.**

intervening in, maintaining, participating (as class members or otherwise) in, or receiving any benefits from, any lawsuit (including putative class action lawsuits), arbitration, administrative or regulatory proceeding or order in any jurisdiction, based on, or relating to the claims or causes of actions or the facts alleged in or underlying the Action or asserting any claims released by this Settlement; and from organizing Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action), based on, or relating to the claims or causes of actions or the facts alleged in or underlying the Action or  asserting any claims released by this Settlement. Nothing in this paragraph, however, shall require any Class Member to take any affirmative action with regard to other pending class action litigation in which they may be absent class members. The Court finds that issuance of this permanent injunction is necessary and appropriate in the aid of the Court's jurisdiction over the Action and its judgments.  Any person found in contempt of this injunction may be subject to sanctions.  Any Released Party who must seek from the Court the compliance of a Releasing Party, as defined in the Settlement Agreement, who is in violation of this injunction, is entitled to reimbursement of his or her or its attorneys' fees incurred as a result of seeking such compliance.

**13.    Enforcement of Settlement.**  Nothing in this Final Order shall preclude any action to enforce or interpret the terms of the Settlement Agreement.  Any action to enforce or interpret the terms of the Settlement Agreement shall be brought solely in this Court.

**14.    Attorneys' Fees and Litigation Expenses.** The Court orders that Class Counsel shall be entitled to an award of reasonable attorneys' fees and litigation

**Error! Unknown document property name.**

expenses incurred in connection with the Action and in reaching this Settlement, to be paid by American National at the time and in the manner provided in the Settlement.   The Court finds that an award of reasonable attorneys' fees and litigation expenses, as provided for herein, is appropriate based on the contractual agreement to pay such fees and expenses set forth in the Settlement and the Court's equitable powers under California law.

The Court finds to be reasonable, and awards to Class Counsel, attorneys' fees and litigation expenses, to be paid as provided in the Settlement, in the total amount of three-million dollars and no cents ($3,000,000.00).   The Court further orders that in accordance with the Settlement, in addition to the foregoing award of litigation expenses, American National shall pay all reasonable settlement notice and administration expenses billed thereby in connection with the Settlement, consistent with the terms of the Settlement and any additional work requested by the Parties jointly.

The award of attorneys' fees and litigation expenses to Class Counsel in this Final Approval Order shall be the sole reimbursement to which Class Counsel is entitled from American National or Released Parties with respect to the Action, the Settlement, or the administration of the Settlement. American National and Released Parties shall have no obligation to pay attorneys' fees or costs or litigation expenses with respect to the Action, the Settlement, or the administration of the Settlement, to any other person, firm, or entity other than as provided in this Final Order.   Neither Plaintiff, nor any other Class Member, shall have any obligation to pay Class Counsel any further amounts for attorneys' fees, costs, or litigation expenses in the Action.   Neither Plaintiff, nor any other Class Member, shall be entitled to seek or receive any further payment of attorneys' fees or litigation expenses in connection with the Action from American National or any Released Parties.

**Error! Unknown document property name.**

Pursuant to the Settlement, American National does not oppose an award of attorneys' fees or reimbursement of costs, as provided for by Section X of the Settlement.

In support of the foregoing attorneys' fee and litigation expense award, the Court finds as follows:

A.    The following hourly billing rates are reasonable in light of the complexity of this litigation, the work performed, Class Counsels' reputation, experience, and competence, and the prevailing billing rates for comparably complex work by comparable qualified counsel in the relevant market:

1.    for Bonnett, Fairbourn, Friedman & Balint, P.C., ranging between $650-$250 per hour;

2.    for Robbins Geller Rudman & Doud LLP, ranging between $795-$525 per hour;

3.    for The Evans Law Firm, ranging between $700-375 per hour; and

4.    for Barrack Rodos & Bacine, ranging between $715-500 per hour.

The reasonableness of these billing rates further is supported by the declarations of Class Counsel (Doc. Nos. 189-192), by prior attorneys' fee awards in this and other judicial districts for comparably qualified counsel in comparably complex work, and by published industry billing rates.

B.    The range of $295-$165 per hour billing rate for work performed by certified paralegals is reasonable in light of the experience and qualifications of these non-attorney billers.  The reasonableness of this billing rate is supported by recent fee awards for work performed by these paralegals in the relevant market, in comparable litigation, and the submitted declaration of counsel.  Paralegal time, which is normally billed to fee-paying clients, is properly included and

**Error! Unknown document property name.**

reimbursable under a lodestar analysis.  *See, e.g. United Steelworkers v. Phelps Dodge Corp.*, 896 F. 2d 403, 407-08 (9th Cir. 1990).

C.    Class Counsel worked a total of 5,018.47 hours, representing a loadstar amount of $2,016,193.50.  The time declared to have been expended by Class Counsel and Class Counsel's paralegals is reasonable in view of the complexity and subject matter of this litigation, and the skill and diligence with which it has been prosecuted and defended, and the quality of the result obtained for the Class.

D.    The reasonableness of the fee awarded by this Final Approval Order is supported by a "multiplier'" analysis, the second requisite step in a lodestar analysis.  A fee multiplier is properly applied if supported by appropriate factors, including the extent of the risks of the litigation and the purely contingent nature of the fee award (factors which are not subsumed in Class Counsel's lodestar amount). Here, Class Counsel consisted of four firms: (a) Bonnett, Fairbourn, Friedman & Balint, P.C.; (b) The Evans Law Firm; (c) Robbins Geller Rudman & Dowd LLP; and (d) Barrack Rodos & Bacine.  Cumulatively, the thirty lawyers working on the file expended 3,600 hours over a two year period, plus more than 1,380 paralegal/law clerk hours, and $122,622.18 in out-of-pocket litigation expenses—a very substantial commitment given the risk and novelty of the legal issues presented in this Action. Class Counsel's ability to recover fees and expenses in this action was purely contingent upon a successful outcome or settlement.  The contingency risks presented by this litigation were significant, as analyzed in the preliminary and final approval motions and supporting declarations. In various procedural postures, American National—through its motion to dismiss and motion for partial summary judgment—vigorously challenged Plaintiff's class allegations.  Despite the continuous risk, Class Counsel

**Error! Unknown document property name.**

1   tirelessly litigated this action while attempting, in good faith, to achieve a just, fair
2   and amicable resolution.

3           In view of the foregoing contingency/litigation risk factors, which are not
4   subsumed in Class Counsel's lodestar, the Court finds that application of the
5   requested fee multiplier of 1.49 (which supports an award of attorneys' fees in the
6   full unopposed amount of $3.0 million) is appropriate.  Multipliers ranging from 2-
7   4 (and higher) have been approved in comparably complex litigation involving
8   improper marketing and sale of insurance products.  *See, e.g. Varacallo v. Mass.*
9   *Mut. Life Ins. Co.*, 226 F.R.D. 207, 255 (D.N.J. 2005); *Snell v. Allianz Life Ins. Co.*
10  *of N. Am.*, No. 97-2784(RLE), 2000 U.S. Dist. LEXIS 13611, at *20 (D. Minn.
11  Sept. 8, 2000); *In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Prac. Litig.*,
12  263 F.R.D. 226 (E.D. Pa. 2009); Joint Declaration of Andrew S. Friedman and
13  Ingrid M. Evans in Support of Plaintiff's Memorandum in Support of Motion for
14  an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Award, at
15  ¶¶43-44 (Doc. No. 188) ("Joint Declaration" or "Joint Decl.").  The requested fee
16  multiplier falls on the low end of the reasonable range, based on typical multipliers
17  approved in comparable litigation, as reflected in the foregoing cases and in the
18  Joint Declaration at paragraphs 43 to 44.  The Court approves the requested fee
19  multiplier of 1.49 (thereby limiting the awarded fee to the unopposed amount of
20  $3.0 million).

21          E.     The amount of attorneys' fees approved here by the Court (based on
22  the foregoing lodestar/multiplier) is also reasonable if viewed as "constructive
23  common fund."  *See In re Bluetooth Headset Prod. Liab. Litig.*, ___ F.3d ____,
24  No. 09-56683, 2011 WL 3632604, at *5-7 (9th Cir. Aug. 19, 2011) (cross-
25  checking the attorneys' fee award through a "constructive common fund"
26  analysis).  Combining the $3.0 million attorneys' fee award with the entire
27  $9,059,500 economic benefit results in a "constructive common fund" valued at
28

**Error! Unknown document property name.**

$12,059,500.  Under this analysis, the attorneys' fee award represents 24.88% of the Settlement's total economic value.  The Ninth Circuit has determined that 25% of the recovery is a "benchmark" award for class action cases and has recognized that percentage fees in the range of 20-30% are generally appropriate. *Hanlon* v. *Chrysler Corp.,* 150 F. 3d 1011, 1029 (9th Cir. 1998); *Six Mexican Workers v. Ariz. Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir.1990).  The fee award sought in the present case is reasonable when judged by this standard.  A fee award at the higher end of the accepted range, under *Hanlon*, is justified here, in part by the same contingency/litigation risk discussed above.  The percentage of recovery here is reasonable in light of prior fee awards (measured as a percentage of recovery) in comparable class action litigation, as set forth in the Fee Motion at 8-9.

F.     Out of approximately 23,000 Class members and more than 23,000 Class Notice Packages mailed, including explicit notice of the fees and expenses requested here, there was not a single complaint regarding attorneys' fees.

G.     Based on the declarations of Class Counsel submitted in support of the Fee Motion, the Court finds that Class Counsel have incurred out-of-pocket litigation expenses (paid and un-reimbursed, or currently due) in an amount more than $122,000.00, that said expenses were of a nature typically billed to fee-paying clients, and that said expenses were reasonable and necessary to the prosecution of this action in light of the extent of proceedings both on and off the Court's docket, the complexity of the legal and factual issues in the case, the amount at stake in this litigation, and the vigorous efforts of counsel for all parties herein. The Court finds these expenses are reasonable in this case.

H.     The attorneys' fees awarded by this Final Approval shall be divided among Class Counsel according to Section X.B.6. of the Settlement Agreement. The Court finds the distribution method to be reasonable, as it requires Receiving Class Counsel to allocate such amounts and indemnifies American National for

**Error! Unknown document property name.**

any claims by law firms, attorneys, financial advisors, expert or counsel relating to services allegedly rendered or unreimbursed interests in the Action up to the amount of the Class Counsel Payment.

**15.    Class Representative Service Award.**   The Court hereby approves the service award to Plaintiff and the Estate's separate counsel for the time and expenses associated with their participation in the Action, to be paid by American National at the time and in the manner provided in the Settlement.   The amount of said service award shall be the full unopposed amount provided for by the Settlement, *to wit:* five-thousand dollars and no cents ($5,000) to Deborah L. Dolch and fifteen-thousand dollars and no cents ($15,000) to the Estate of Daphne P. Rand.

Based on the declaration of Class Counsel submitted in support of final settlement approval, Plaintiff actively participated and assisted Class Counsel in this litigation for the substantial benefit of the Class despite facing significant personal limitations.   Each has waived their right to pursue potential individual claims or relief in the Action.   Apart from the service award, Plaintiff will receive no settlement payments or benefits of any nature other than their share of the Settlement benefits available to the Class generally.   These incentives are approved to compensate Debra L. Dolch for legal fees and costs incurred as part of her responsibilities as Special Administrator for Ms. Rand's estate and Ms. Rand for the burdens of her involvement in this litigation and her commitment and effort on behalf of the Class.

The amount of these service awards shall not affect or reduce the Settlement relief generally payable to any Class Member, including to Plaintiff, under the Settlement, and shall not affect or reduce the amount of attorneys' fees and litigation expenses payable to Class Counsel under the Settlement and this Final Approval Order.

**Error! Unknown document property name.**

**16.    Modification of Settlement Agreement.**  The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, if such changes are consistent with this Order and do not limit the rights of Class Members or any other Person entitled to Settlement relief under this Agreement.

**17.    Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Order.  Without in any way affecting the finality of this Final Order or the Final Judgment, for the benefit of the Class and American National, and to protect this Court's jurisdiction, the Court expressly retains continuing jurisdiction as to all matters relating to the Settlement, and the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order, and for any other necessary and appropriate purpose.

Without limiting the foregoing, the Court will retain continuing jurisdiction over all aspects of this case including but not limited to any modification, interpretation, administration, implementation, effectuation, and enforcement of the Settlement, the administration of the Settlement and Settlement relief, including notices, payments, and benefits thereunder, the Class Notice Package and sufficiency thereof, any objection to the Settlement, any request for exclusion from the certified class, the adequacy of representation by Class Counsel and/or the Class Representatives, the amount of attorneys' fees and litigation expenses to be awarded Class Counsel, the amount of any service award to be paid to the Class Representatives, any claim by any person or entity relating to the representation of the Class by Class Counsel, to enforce the release and injunction provisions of the Settlement and of this Order, any remand after appeal or denial of any appellate challenge, any collateral challenge made regarding any matter related to this

**Error! Unknown document property name.**

litigation or this Settlement or the conduct of any party or counsel relating to this litigation or this Settlement, and all other issues related to this Action and Settlement.

Further, without limiting the foregoing, the Court retains continuing jurisdiction to:

A.      enforce the terms and conditions of the Settlement Agreement and resolve any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Order and Judgment (including, without limitation, determining whether a person is or is not a Class Member, and enforcing the permanent injunction that is a part of this Final Order and Judgment), and determining whether claims or causes of action allegedly related to this case are barred by this Final Order and Judgment;

B.      enter such additional orders as may be necessary or appropriate to protect or effectuate this Final Order and Judgment, or to ensure the fair and orderly administration of the Settlement; and

C.      enter any other necessary or appropriate orders to protect and effectuate the Court's retention of continuing jurisdiction; provided however, nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights under the Settlement Agreement.

**18.    Continuing Confidentiality & Return of Materials.** Pursuant to the Protective Order issued in this case, (Docket No. 64), on or before the expiration of two months after the date on which American National is to provide the Settlement Agreement Section V.E.1.p report, all Confidential Materials produced by either party, including all materials provided to any expert witness, shall be destroyed or returned to Counsel for the Designating Party.  At that time, Counsel for each party shall confirm compliance by letter to the opposing side.   Any work product

**Error! Unknown document property name.**

retained by Plaintiff or Class Counsel that is based on or incorporates information provided by American National pursuant to the terms of a protective order shall remain confidential, disclosure and use of such materials is restricted as set forth in the Protective Order.

19.    **No Admissions.** Neither this Final Order and Judgment nor the Settlement Agreement (nor any other document referred to herein) nor any action taken to carry out this Final Order and Judgment, is, may be construed as, or may be used as an admission or concession by or against Defendant, of the validity of any claim or any actual or potential fault, wrongdoing, or liability whatsoever. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Defendant's denial or defenses and shall not be offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order and Judgment and the Settlement Agreement; provided, however, that this Final Order and Judgment and the Settlement Agreement may be filed in any action against or by Defendant or Released Parties (as defined in the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

20.    **Dismissal of Action.** This action, including all individual and Class claims resolved in it or that could have been brought in the Action, shall be dismissed on

**Error! Unknown document property name.**

the merits and with prejudice, without an award of attorneys' fees or costs to any party except as provided in this Order.

SO ORDERED this 22 day of Sept        , 2011.

_____
THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

**Error! Unknown document property name.**